UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEON D. EDWARDS,<br><br>Defendant. | ) | No. 5:26-CR-24-REW-MAS<br><br>ORDER |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 32 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Leon D. Edwards's guilty plea and adjudge him guilty of the sole count of the Indictment (DE 1). *See* DE 34 (Recommendation); *see also* DE 31 (Plea Agreement). Judge Stinnett expressly informed Edwards of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 34 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 34, **ACCEPTS** Edwards's guilty plea, and **ADJUDGES** Edwards guilty of the sole count of the Indictment;
2. Judge Stinnett allowed Edwards to remain on bond pending acceptance of the plea. *See* DE 32. Edwards stands convicted of distributing a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). He is subject to mandatory detention per the terms of 18 U.S.C. § 3143(a)(2). Edwards would have the burden to establish an exception under § 3143 or § 3145 to remain on bond pending sentencing. Absent a showing that an applicable exception exists, and given that no such showing appears in the record at this point, detention is the mandate. The Court **DIRECTS** Edwards to self-report to the United States Marshals Service at the U.S. Courthouse in Lexington, Kentucky, **by September 10, 2026, at 10:00 a.m.** The Clerk shall alert his counsel and USMS to this Order, and counsel shall ensure that Edwards is aware of the self-report deadline, which will remain in place absent an intervening order.
3. The Court will issue a separate sentencing order.

This the 3rd day of September, 2026.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**